**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**VILLAGE OF CASEYVILLE,**
**KELLER PROPERTIES LLC, and**
**KELLER FARMS, LLC,**

      **Plaintiffs,**

**v.**

**Case No. 3:24-CV-02164-NJR**

**CSX TRANSPORTATION, INC., and**
**BALTIMORE & OHIO RAILROAD**
**COMPANY,**

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

In July 2022, a storm caused substantial flooding in Caseyville, Illinois (the "2022 Flood"). Plaintiffs the Village of Caseyville ("Caseyville"), Keller Properties, LLC ("Keller Properties"), and Keller Farms, LLC ("Keller Farms") brought this action against Defendants CSX Transportation, Inc. and Baltimore & Ohio Railroad Company alleging that their failure to maintain their property caused or intensified the damage to Plaintiffs' properties. According to Plaintiffs, Defendants allowed debris to build up behind a bridge crossing over a creek, which obstructed the creek's natural flow of water. When the storm hit, water was diverted over the banks of the creek, causing substantial water surges onto Plaintiffs' properties. On September 9, 2025, the Court granted in part and denied in part Defendants' motion to dismiss, which resulted in Caseyville's dismissal from the case. (Docs. 42, 46). A negligence claim by Keller Properties and Keller Farms

Page 1 of 6

proceeded to discovery. (Doc. 42).

Keller Farms now moves for leave to file an amended complaint. (Doc. 55). The amended complaint, in relevant part, drops Keller Properties as a Plaintiff,[1] adds a second negligence claim based on a separate flooding event between July 14 and 16, 2024 (the "2024 Flood"), and adds a claim for punitive damages. (Doc. 55-1). Defendants filed an opposition to the motion for leave (Docs. 56, 57), and Keller Farms submitted a reply (Doc. 58). The motion for leave is thus fully briefed and ripe for disposition.

## DISCUSSION

As relevant here, Federal Rule of Civil Procedure 15(a)(2) allows parties to amend their pleadings with the opposing party's consent or the court's leave. FED. R. CIV. P. 15(a)(2). The rule directs courts to "freely give leave when justice so requires," and to avoid being "stingy" in response to requests for leave to amend. *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 733 (7th Cir. 2015). Although a district court may deny leave under Rule 15(a)(2) "for a variety of reasons, including undue delay and futility," *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014), cases justifying the denial of leave to amend are "exceedingly rare." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016).

---

[1] Defendants appear to argue that Keller Farms's attempt to drop Keller Properties from the case is procedurally improper. They criticize Keller Farms's failure to "invoke[e] any formal Rule 41 dismissal mechanism or otherwise clarifying the procedural status of the 'removed' party." (Doc. 56, p. 2). The Court disagrees. It is well settled in the Seventh Circuit that the proper mechanism for adding or dropping a party is Rule 15(a), not Rule 41. *See Taylor v. Brown*, 787 F.3d 851, 857, 858 (7th Cir. 2015) (Rule 41(a) is "limited to dismissal of an entire action" and Rule 15(a) is the proper vehicle for "adding or dropping parties and claims."). Thus, Keller Farms's motion for leave to amend under Rule 15(a) is the proper procedural vehicle to accomplish the dismissal of Keller Properties.

Defendants raise two principal arguments in opposition to Keller Farms's motion. First, they contend that Keller Farms's attempt to expand the scope of this litigation to include the 2024 Flood would prejudice them because it would increase the discovery burdens and complexity of this action. Second, they argue that Keller Farms's punitive damages claim is procedurally defective under Illinois law.

Keller Farms seeks to bring a second negligence claim against Defendants based on the 2024 Flood, which, in its view, was "caused by the same mechanisms as the 2022 [F]lood outlined in the original complaint." (Doc. 55 ¶ 3). Defendants believe that expanding this action to include a claim arising out of the 2024 Flood would dramatically increase its complexity and associated discovery burdens. This "substantial transformation" of the case, according to Defendants, would cause concrete prejudice warranting the denial of leave to amend.

Federal Rule of Civil Procedure 18(a) permits—but does not require—joinder of unrelated claims in a single action. The rule allows parties to bring "as many claims as it has against an opposing party." FED. R. CIV. P. 15(a)(2). Neither party argues that the 2024 Flood represents a continuation of the 2022 Flood. Keller Farms is thus correct to raise a claim regarding the 2024 Flood as a separate cause of action. "Discrete and independently wrongful acts produce different claims, even if the same wrongdoer commits both offenses and the second wrong is similar to the first." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 974 (7th Cir. 2019). But drawing a factual distinction between these claims does not prohibit joinder where the joined claim is litigated between the same parties. *Id.* So, having established the permissibility of joinder, the question becomes

whether, under the circumstances presented here, the Court should deny leave to amend under Rule 15(a)(2).

Defendants argue that denial of leave to amend is warranted because Keller Farms's assertion of a second negligence claim would cause substantial prejudice to them. This argument focuses on the expanded scope of discovery that will be necessary to resolve claims arising out of two flooding events as opposed to one. This additional discovery burden would delay the proceedings in this case and require Defendants to expend additional resources that otherwise would be unnecessary if the action is confined to the 2022 Flood. But, as Keller Farms correctly points out, if it is barred from bringing its claim based on the 2024 Flood in this action, it would have every incentive to file a separate action and thereby force Defendants to litigate the issue there. So, denying leave to amend would leave Defendants no better off than they are right now.

Any prejudice to Defendants is also ameliorated by the early stage of this litigation. Defendants still have every opportunity to confront Keller Farms's allegations concerning the 2024 Flood in discovery and at summary judgment. Indeed, the Court recently granted Keller Farms's consent motion to modify the scheduling order in this case to ensure all parties have enough time to marshal the evidence they need to present their claims and defenses. (Doc. 60). This reduces any prejudice to Defendants that might otherwise be present if a late amendment hampered their ability to defend the case. *See Empress Casino*, 831 F.3d at 832-33 (ability to obtain relevant discovery reduced prejudicial impact of amended complaint); *McCoy*, 760 F.3d at 687 (unexplained delay in raising new theories of liability may prejudice opponent and warrant denial of leave to

amend). Accordingly, Keller Farms will be granted leave to file an amended complaint that includes a negligence claim based on the 2024 Flood.

Finally, to the extent Defendants are concerned about the implications of a consolidated trial involving both claims, nothing in this Order precludes the Court from severing them at trial, nor does it prevent Defendants from requesting such relief. *See* 6A Wright & Miller, Federal Practice and Procedure § 1586 (3d ed.) ("As a practical matter, . . . Rule 18(a) must be read in conjunction with the practice under Rule 42(b), which gives the court extensive discretionary power to order separate trials of claims or issues. Whenever the court determines that this type of treatment will be conducive to the expeditious handling of the action, will promote judicial economy, or will avoid prejudice to the litigants, it may order a properly joined claim or claims to be tried separately.").

Defendants also contest Keller Farms's ability to bring a punitive damages claim. They contend that this claim is procedurally defective under Illinois law and that leave to amend would therefore be futile. Under 735 ILCS 5/2-604.1, a plaintiff must establish a factual basis supporting her punitive damages claim at a pretrial hearing before she may plead such a claim. Defendants aver that Keller Farms's failure to satisfy this condition precedent renders its punitive damages claim fatally defective.

The problem for Defendants is that the Seventh Circuit has squarely rejected this argument. In *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007), the court held that the plaintiff was not bound by section 2-604.1's hearing requirement because it was an Illinois procedural rule that did not apply in a federal diversity action. "[T]he district

court, as a federal court sitting in diversity, properly applied Rule 15 of the Federal Rules of Civil Procedure instead of the Illinois pleading rules because the Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction." *Id.* (quotation marks omitted); *see also Pruitt v. K & B Transportation, Inc.*, No. 20-CV-750, 2022 WL 991940, at *4 (S.D. Ill. Apr. 1, 2022) (declining to apply section 2-604.1 in diversity action). Defendants' futility argument is thus analyzed under federal—not state—procedural rules. And because it depends on the application of an inapplicable state procedural rule, the Court is compelled to reject it under *Winters*. Accordingly, Keller Farms is granted leave to plead its punitive damages claim under Rule 15(a)(2).

CONCLUSION

For these reasons, Keller Farms's Motion for Leave to file an Amended Complaint (Doc. 55) is **GRANTED**. Keller Farms shall file its amended complaint on the docket on or before **April 16, 2026**.

**IT IS SO ORDERED.**

**DATED:  April 9, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**